Argued and submitted March 17, affirmed June 9, reconsideration denied August 21, petition for review denied October 21, 1980 (289 Or 903)

STATE OF OREGON,
*Respondent,*

*v.*

JEFFERY LYNN ANDERSON,
*Appellant.*

(No. C79-03-30869, CA 15722)

612 P2d 309

Clint A. Lonergan, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on

[501]

the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Joseph, Warden and Warren, Judges.

SCHWAB, C. J.

Joseph, J. dissenting opinion.

**SCHWAB, C. J.**

Defendant was convicted of operating a motor vehicle in violation of a court order, ORS 484.740, and driving while suspended, ORS. 487.560. On appeal, he contends that the evidence of the fact that he did not have a valid driver's license in his possession should have been suppressed. [1]

At about 1:00 a.m. on a Saturday morning, defendant was driving behind a police car. He turned into the parking lot of an automobile supply business and parked his automobile. He left his automobile and was approaching the front door of the building when he was stopped by the police officer. The business was closed. There were automobile parts located around the building and the officer was concerned that the defendant intended to commit burglary. The officer asked the defendant what his purpose was. Defendant stated that he was there to pick up some parts and that he had the owner's permission. The defendant was then asked to show the officer his operator's license. When he could not produce one, the officer detained defendant while he "ran a records check" and thereby discovered the suspension.

Relying on *State v. Valdez,* 277 Or 621, 561 P2d 1006 (1977), defendant argues that under ORS 131.615[2] the police officer had no right to stop the defendant when and where he did. We disagree. The actions of the defendant which took place in view of the police officer were sufficient to create a reasonable

---

[1] Defendant makes an additional assignment of error. It does not warrant discussion.

[2] ORS 131.615 provides:

"(1) A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a peace officer, make a reasonable inquiry.

"(2) The detention and inquiry shall be conducted in the vicinity of the stop and for no longer than a reasonable time.

"(3) The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion."

suspicion in the mind of the officer that the crime of larcency or burglary was underway. The stop being proper, the officer had the right to ask defendant to display a driver's license. *State v. Brister,* 34 Or App 575, 579 P 2d 863, *rev den* 284 Or 521 (1978).

Affirmed.

**JOSEPH, J.,** dissenting

Under ORS 131.615(1), the observable facts the majority says support a reasonable suspicion "that the crime of larceny or burglary was underway" were that the police observed a car enter into and stop in a parking lot beside an arterial street when the business was closed and the driver walk toward the well-lighted front door of a store. Aside from the (perhaps immaterial) fact that no crime had been "committed," it is plain to me that the police were operating on a good hunch. That is not enough to support the stop. *State v. Fitzgerald,* 36 Or App 473, 584 P2d 785 (1978). Our recent case of *State v. Canape,* 46 Or App 453, 611 P2d 1190 (1980), where the factual basis for suspicion was much stronger than here, was a close case. I do not believe this one is close, and I would reverse.